From Robeson.
It appeared on the trial that the defendant had agreed with the plaintiff to inform him by letter, as soon as he could determine, whether he (defendant) would take the price which plaintiff had offered for the land. The price offered was $2,000, payable by installments, and the cause of plaintiff's desiring early information of defendant's determination (348) was that by the sale of other lands he might be provided with the purchase money. Soon after this understanding between the parties, defendant wrote a letter to the plaintiff informing him that he had reflected on the subject, and containing these words: "I do not hesitate to say that you may proceed to make sale of your lands when a favorable opportunity may offer. As the land I am going to let you have, on the back of *Page 254 
the plantation, is of greater value than that which I retain on the Elizabeth road, I know you will not hesitate to make me some equivalent of a spot of land on some other corner, joining other land of mine, where it will be no inconvenience to you."
When the plaintiff received this letter he declared his acceptance of and closing with the terms of the original contract; he also tendered his bonds according to the original terms, and demanded a title to the lands. The defendant declared he would sign no deed which did not reserve to him a few acres out of the tract at a particular place, adjoining the town of Lumberton, which from the evidence appeared to be the most valuable part of the land. Plaintiff did not tender any deed for defendant's signature.
The court directed the jury that the fair exposition of the letter was according to the original offer of purchase; and as to that part which related to the reservation of a few acres, the court directed the jury that the same was precatory and rested merely in the will of the plaintiff, and as to the want of having tendered a deed, the plaintiff was discharged from a formal tender by defendant's declarations. The jury were further told that in assessing the damages they ought to respect the situation of the parties, when mere loss of bargain was the gist of the action; and that a jury in its discretion was well authorized to assess damages to a greater amount between parties whose situation and circumstances in point of fortune placed (349) them beyond ordinary standing, than in a case where they were of the opposite character and had no opportunity from education or manners to know the impropriety of violating a contract.
They jury found a verdict for plaintiff, damages £ 50, and on a motion for a new trial because of misdirection, the court entertaining doubts on the former part of the charge to the jury, directed the case to be transmitted to this Court.
Upon full consideration of this case, I am well satisfied that I was mistaken in the direction I gave to the jury in respect to taking into consideration the standing of the parties in assessing the damages. I think the true rule is that the jury are not permitted to take into considerationanything which would not be admissible to be given in evidence; the evidence is either to inform the jury in respect to the existence of a fact put in issue or as to its quality or extent. Where the character of a party is put in issue, or when the matter in controversy is vindictive or matter of feeling, the extent of the injury done in the latter case, as well as the existence of the *Page 255 
fact in the former case, can in some degree be estimated by the standing of the parties, and where the evidence is conducive to the matters put in issue, or their extent, it is admissible.
In this case the standing of the parties was not conducive to inform the jury upon either of these points. There must be a new trial.
But upon the other point I see no reason to alter the opinion I entertained on the trial.
(350)